**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br>    950 Pennsylvania Avenue NW<br>    Washington, DC 20530,<br><br>        Defendant. | Civil Action No. 26-2384 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      Plaintiff Public Citizen brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel Defendant United States Department of Justice (DOJ) to produce records responsive to two FOIA requests seeking records relating to actions taken by DOJ in settling claims in the action titled *Trump v. IRS*, No. 26-20609 (S.D. Fla.), and in establishing the so-called "Anti-Weaponization Fund" (the Fund).

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Public Citizen is a nonprofit organization headquartered in Washington, DC. Public Citizen submitted the FOIA requests at issue in this action.

4.      Defendant DOJ is an agency of the United States headquartered in Washington, DC. DOJ has possession and control of the records that Public Citizen seeks.

**STATEMENT OF FACTS**

5.      On May 18, 2026, DOJ announced that it had entered into a settlement agreement to resolve *Trump v. IRS* and two administrative claims that President Trump had filed against the federal government in 2025.

6.      The settlement agreement called for the establishment of an "Anti-Weaponization Fund" to compensate third parties for what the settlement agreement described as the "sustained use of the levers of government power by Democrat elected officials, political and career federal employees, contractors, and agents in order to target individuals, groups, and entities for improper and unlawful political, personal, and/or ideological reasons."

7.      Also on May 18, Acting Attorney General Todd Blanche issued an order directing the U.S. Department of the Treasury to pay $1.776 billion into the Fund.

8.      The Acting Attorney General's order states that the "corpus of the Anti-Weaponization Fund's funding does not represent the value of any claim by Plaintiffs, but rather is based on the projected valuation of future claimants' claims."

9.      On May 18, 2026, Public Citizen submitted a FOIA request to DOJ, seeking records relating to the order's projected value of future claimants' claims. Specifically, the May 18 FOIA request sought:

a.      Records that calculate, evaluate, or support the statement in Paragraph C of the Department of Justice's May 18, 2026, notice of the establishment of an "Anti-Weaponization Fund," available at https://www.justice.gov/opa/media/1441086/dl, that the "corpus of the Anti Weaponization Fund's funding … is based on the projected valuation of future claimants' claims," and

b.      Records that set forth the projected valuation of future claimants' claims.

10.    Public Citizen sought a full waiver of fees for its May 18 FOIA request because disclosure of the requested records is in the public interest and not for commercial use.

11.    Public Citizen sought expedited processing of its May 18 FOIA request in light of the widespread public and media interest in the settlement.

12.    On May 19, DOJ acknowledged the May 18 request, assigned it FOIA No. FOIA-2026-03244, and stated that DOJ would take an additional ten days to respond in light of "unusual circumstances." DOJ did not respond to Public Citizen's request for expedited processing.

13.    On June 2, 2026, Public Citizen submitted a second FOIA request to DOJ seeking records relating to the settlement agreement. Specifically, the June 2 FOIA request sought:

a. Drafts of any agreement to settle *Trump et al. v. Internal Revenue Service et al.*, Case No. 1:26-cv-20609-KMW, filed in the U.S. District Court for the Southern District of Florida (the Florida Lawsuit); and

b. Emails relating to the Florida Lawsuit in which one of the following firms or individuals was the sender, recipient, or a copied party, or in which one of the following domain names appears in the to, from, or cc, or bcc field of an email:

 i. Brito, PLLC

 ii. Alejandro Brito

 iii. Ian Michael Corp

 iv. Daniel Z. Epstein

 v. Epstein & Co LLC

 vi. britopllc.com

 vii. epsteinco.co

14.     Public Citizen sought a full waiver of fees for its June 2 FOIA request because disclosure of the requested records is in the public interest and not for commercial use.

15.     Public Citizen sought expedited processing of the June 2 FOIA request in light of the widespread public and media interest in the settlement.

16.     On June 5, DOJ acknowledged the June 2 request, assigned it FOIA No. FOIA-2026-03422, and stated that would take an additional ten days to respond on light of "unusual circumstances." DOJ denied Public Citizen's request for expedited processing.

17.     DOJ has not made final determinations and has not released any records in response to Public Citizen's May 18 and June 2 requests.

18.     More than 30 business days have passed since DOJ submitted each of its FOIA requests.

## CLAIMS FOR RELIEF

### Count I

19.     Public Citizen has a right under FOIA, 5 U.S.C. § 552, to the records responsive to its May 18 FOIA request and to a public-interest fee waiver.

20.     DOJ's failure to disclose the requested records has no legal basis.

### Count II

21.     Public Citizen has a right under FOIA, 5 U.S.C. § 552, to the records responsive to its June 2 FOIA request and to a public-interest fee waiver.

22.     DOJ's failure to disclose the requested records has no legal basis.

### PRAYER FOR RELIEF

WHEREFORE, Public Citizen requests that this Court:

A.     Declare that DOJ's failure to provide the records responsive to Public Citizen's May 18 and June 2 FOIA requests is unlawful;

B.      Order DOJ to make the requested records available to Public Citizen at no cost and without delay;

C.      Award Public Citizen its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

D.      Grant such other relief as this Court may deem just and proper.

Dated: July 7, 2026                      Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
njoshi@citizen.org

*Counsel for Plaintiff*