UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil Action No. 26-2384 (TNM) |

## **ANSWER**

Defendant, the United States Department of Justice ("DOJ" or "the Department"), by and through undersigned counsel, hereby responds to the Complaint (Dkt. 1) filed by Plaintiff Public Citizen alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Any allegation of the Complaint that is not specifically admitted or otherwise directly responded to is denied.  Defendant responds to the Complaint in like-numbered paragraphs, as follows:

1.　　　This paragraph consists of Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent that a response is required, Defendant admits only that Plaintiff brought this action under FOIA.

**JURISDICTION AND VENUE**[1]

2.      This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction and venue, to which no response is required.  To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA, and that venue is proper in this District.

**PARTIES**

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.      Defendant admits only that the Department is a federal agency headquartered in Washington, DC.  The remaining allegation in this paragraph consists of a legal conclusion, to which no response is required.

**STATEMENT OF FACTS**

5.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

---

[1]      For ease of reference, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

7.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.      Defendant admits that DOJ received a FOIA request from Plaintiff, dated May 18, 2026.  Defendant respectfully refers the Court to Plaintiff's May 18, 2026, FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

10.     Defendant admits that Plaintiff requested a fee waiver in its May 18, 2026, FOIA request.  Defendant respectfully refers the Court to Plaintiff's fee waiver request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

11.     Defendant admits that Plaintiff requested expedited processing of its May 18, 2026, FOIA request.  Defendant respectfully refers the Court to Plaintiff's expedited processing request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

12.     Defendant admits that the Department's Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's May 18, 2026, FOIA request via letter dated May 19, 2026, that OIP assigned tracking number FOIA-2026-03244 to the FOIA request, and that OIP invoked unusual circumstances.  Defendant avers that its May 19, 2026, acknowledgment letter extended the time limit to respond to Plaintiff's request beyond the ten additional days provided by statute.

Defendant respectfully refers the Court to OIP's May 19, 2026, acknowledgement letter for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

13.    Defendant admits that DOJ received a FOIA request from Plaintiff, dated June 2, 2026.  Defendant respectfully refers the Court to Plaintiff's June 2, 2026, FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

14.    Defendant admits that Plaintiff requested a fee waiver in its June 2, 2026, FOIA request.  Defendant respectfully refers the Court to Plaintiff's June 2, 2026, fee waiver request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

15.    Defendant admits that Plaintiff requested expedited processing of its June 2, 2026, FOIA request.    Defendant respectfully refers the Court to Plaintiff's June 2, 2026, expedited processing request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

16.    Defendant admits that OIP acknowledged receipt of Plaintiff's June 2, 2026, FOIA request via letter dated June 5, 2026, that OIP assigned tracking number FOIA-2026-03422 to the FOIA request, and that OIP invoked unusual circumstances.  Defendant avers that its June 5, 2026, acknowledgment letter extended the time limit to respond to Plaintiff's request beyond the ten additional days provided by statute.  Defendant respectfully refers the Court to OIP's June 5, 2026, acknowledgement letter for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

17.     Defendant admits that as of the date of the Complaint, Defendant had not issued a final determination as to Plaintiff's May 18, 2026, or June 2, 2026, FOIA requests.

18.     Defendant denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I

19.     This paragraph consists of a legal conclusion, to which no response is required.

20.     This paragraph consists of a legal conclusion, to which no response is required.

### COUNT II

21.     This paragraph consists of a legal conclusion, to which no response is required.

22.     This paragraph consists of a legal conclusion, to which no response is required.

### PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

### DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA, 5 U.S.C. § 552.

**FOURTH DEFENSE**

The Complaint should be dismissed to the extent Plaintiff has failed to exhaust administrative remedies, including by failing to wait the applicable period before filing suit.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-

2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background

facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SIXTH DEFENSE

Plaintiff's requests are not valid FOIA requests to the extent they fail to reasonably describe

the records sought or would be unduly burdensome to process.

## SEVENTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA requests, and

additional time is necessary for Defendant to continue its processing of Plaintiff's FOIA requests.

Dated: August 6, 2026
   Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   /s/ *Dimitar P. Georgiev*
   DIMITAR P. GEORGIEV, D.C. Bar #1735756
   Assistant United States Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 252 - 7678

*Attorneys for the United States of America*