UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br>*Plaintiff*,<br>v.<br>DEPARTMENT OF JUSTICE,<br>*Defendant*. | Civil Action No. 26-2384 (TNM) |

**PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), Defendant the United States Department of Justice (the "Department"), respectfully moves for partial judgment on the pleadings based on Plaintiff Public Citizen's failure to exhaust its administrative remedies in this Freedom of Information Act ("FOIA") case. Specifically, the Department is entitled to judgment because Plaintiff Public Citizen failed to exhaust administrative remedies with respect to one of the two FOIA requests at issue in this case. Public Citizen initiated this case before the statutory period of twenty working days, as extended by the Department for an additional ten working days, had run.

For these reasons, the Department respectfully requests that the Court grant its motion and enter judgment for the Department with respect to that unexhausted FOIA request.

**BACKGROUND**

The parties agree that Public Citizen submitted two FOIA requests: (1) FOIA-2026-03244, dated May 18, 2026, *see* Compl. (Dkt. 1) ¶¶ 9, 12; Answer (Dkt. 7) ¶¶ 9, 12 (the "May Request"); and (2) FOIA-2026-03422, dated June 2, 2026, *see* Compl. (Dkt. 1) ¶¶ 13, 16; Answer (Dkt. 7) ¶¶ 13, 16 (the "June Request"). In its acknowledgement of each of the requests, the Department

stated that it invoked its statutory right to extend the deadline by ten days to respond due to unusual circumstances. *See* Compl. (Dkt. 1) ¶¶ 12, 16; Answer (Dkt. 7) ¶¶ 12, 16. On July 7, 2026, Public Citizen filed this action, asserting that "[m]ore than 30 business days have passed since [Plaintiff] submitted each of its FOIA requests." Compl. (Dkt. 1) ¶ 18. Public Citizen's two-count Complaint alleges that the Department's "failure to disclose the requested records has no legal basis" with respect to each FOIA request, in violation of the FOIA. *Id.* ¶¶ 20, 22.

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted when the movant "demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760. (D.C. Cir. 2019). A "court evaluating the [Rule] 12(c) motion [must] accept as true the allegations in the opponent's pleadings." *Id.* at 761 (citation modified).

**ARGUMENT**

"'The doctrine of administrative exhaustion applies to FOIA and limits the availability of judicial review.'" *Heritage Found. v. Dep't of Just.*, 719 F. Supp. 3d 95, 97 (D.D.C. 2024) (quoting *EPIC v. IRS*, 910 F.3d 1232, 1238 (D.C. Cir. 2018)). The FOIA provides, in relevant part, that the recipient of a FOIA request must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request[.]" 5 U.S.C. § 552(a)(6)(A). Section (a)(6)(A) "relates only to the requester's ability to get into court[.]" *Ecological Rts. Found. v. EPA*, Civ. A. No. 19-2181 (FYP), 2022 WL 4130818, at *12 (D.D.C. Sep. 12, 2022) (citation modified). It initially gives the agency "a month to determine whether records can be made available in light of nine statutory exemptions[.]" *Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 775 (D.C. Cir. 2018). And FOIA permits an agency to

extend its deadline to respond by "ten working days" when it determines the existence of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i), (iii). Only "[i]f the agency does not adhere to FOIA's explicit timelines . . . [may the agency not] rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 190 (D.C. Cir. 2013).

Importantly, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion[.]" *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *accord Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases."). Exhaustion allows an agency the opportunity to apply its "expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. FOIA's "exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Id.* Further, exhaustion "prevent[s] premature interference with agency processes." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Where an agency appropriately responds to a request, litigation can be avoided, thereby avoiding unnecessary burdens on the Court and parties. In light of all these considerations, therefore, "[e]xhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail." *Bonner v. Soc. Sec. Admin.* 574 F. Supp. 136, 139 (D.D.C. 2008); *see also Hidalgo v. FBI*, 344 F.3d 1256, 58 (D.C. Cir. 2003). In sum, "[f]ailure to exhaust administrative remedies is *not* a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review, denying the agency an opportunity to review its initial determination, apply its expertise, correct any errors,

and create an ample record in the process." *Nat'l Sec. Couns. v. CIA*, 931 F. Supp. 2d 77, 99-100 (D.D.C. 2013).

Here, Public Citizen's lawsuit is untimely with respect to the June Request because Public Citizen sued on the twenty-third business day following the submission of its June Request – Public Citizen submitted the June Request on June 2, 2026, and sued on July 7, 2026. Compl. (Dkt. 1) ¶ 13. Public Citizen therefore failed to wait the required twenty working days plus the ten additional business days the Department invoked before filing its lawsuit. 5 U.S.C. § 552(a)(6)(A), (B). Public Citizen thus failed to exhaust its administrative remedies "before filing suit in federal court[.]" *Oglesby*, 920 F.2d at 61. Accordingly, Plaintiff has failed "to state a claim upon which relief can be granted" with respect to the June Request. Fed. R. Civ. P. 12(b)(6); *see also Bonner*, 574 F. Supp. at 139.

Public Citizen alleges that more "than 30 business days have passed since [Public Citizen] submitted each of its FOIA requests." Compl. (Dkt. 1) ¶ 18. That is incorrect because July 7, 2026, is thirty-five calendar days from the date it filed the June Request, June 2, 2026, inclusive of Saturdays, Sundays, and federal holidays. FOIA, however, required the Department to respond "within 20 days (excepting Saturdays, Sundays, and legal public holidays)[,]" 5 U.S.C. § 552(a)(6)(A), and permits the Department to extend that deadline by an additional ten working days, *id.* § 552(a)(6)(B). In other words, FOIA gives the Department twenty working days plus an additional ten business days for a total of thirty business days, which roughly equates to more than "a month[.]" *Jud. Watch*, 895 F.3d at 776. When properly calculated, the Department had until July 16, 2026, to make its determination.

Judgment for the Department on the merits is the necessary outcome. *See Oglesby*, 920 F.2d at 61; *Khine v. Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018); *Nat'l Sec.*

*Couns.*, 931 F. Supp. 2d at 99. By rushing to this Court, Public Citizen burdened this Court unnecessarily and deprived the Department of the opportunity to respond to the June Request administratively and thereby avoid litigation. *See Heritage Found.*, 719 F. Supp. 3d at 98 ("one purpose of exhaustion is to deter requesters from suing prematurely in order to give the agency and requester a chance to resolve or narrow their disputes without burdening federal courts"; dismissing FOIA suit filed that was filed one day early). "Every premature filing of an action under the [statute] imposes some burden on the judicial system," thus "[t]he interest in orderly administration of this body of litigation is best served by adherence to [the statute's] straightforward statutory command." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Moreover, permitting Public Citizen in these circumstances to "pursue judicial review without prior [agency] consideration . . . would allow premature interference with agency processes and deprive the parties and the [Court] of both an adequate record for judicial review and the benefit of the agency's experience and expertise." *Love v. FBI*, 660 F. Supp 2d 56, 60 (D.D.C. 2009).

The need to enforce FOIA's statutory exhaustion requirement is especially acute, given the ever-growing number of FOIA suits filed in this District, the rush to the courthouse that occurred here and that occurs in so many other cases, and the numerous alternatives to FOIA litigation that Congress created. "Court dockets in this district overflow with [FOIA] matters." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 79 (D.D.C. 2021) (McFadden, J.). Plaintiffs all too often do not avail themselves of the multiple "alternative[s] to litigation" that Congress created specifically to "help reduce the number of requests that are eventually resolved through costly and time-consuming litigation." 153 Cong. Rec. H16788, 16,790 (Dec. 18, 2007). Congress established at each agency a "FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." 5 U.S.C. § 552(a)(6)(B)(ii). It also created a

government-wide Office of Government Information Services to "offer mediation services to resolve disputes . . . as a nonexclusive alternative to litigation." 5 U.S.C. § 552(h). The inclusion of two different voluntary alternatives to litigation signals Congress's preference for encouraging FOIA requesters and agencies, both acting in good faith, to minimize the costs and burdens of FOIA. Yet, Public Citizen sought court intervention at the first opportunity it thought—wrongly—was available. Neither Public Citizen's sidestepping of FOIA's exhaustion rule, thus initiating "unnecessary judicial review," *Oglesby*, 920 F.2d at 61, nor its failure to engage with the multiple alternative mechanisms available for requesters to avoid FOIA lawsuits should be countenanced.

**CONCLUSION**

For these reasons, the Department requests that the Court grant its motion and enter judgment for the Department with respect to Count II of the Complaint regarding the June Request (FOIA-2026-3422).

Dated: September 9, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s\/ Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar # 1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 – 7678

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br>*Plaintiff*,<br>v.<br>DEPARTMENT OF JUSTICE,<br>*Defendant*. | Civil Action No. 26-2384 (TNM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Partial Motion to for Judgment on the Pleadings, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ODERED that judgment is entered for Defendants with respect to Count II of the Complaint, FOIA Request FOIA-2026-03422 (dated June 2, 2026).

SO ORDERED:

__________________
Date

____________________________________
TREVOR N. MCFADDEN
United States District Judge