**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**PUBLIC CITIZEN,**

Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE,**

Defendant.

Case No. 1:26-cv-02384 (TNM)

**MEMORANDUM ORDER**

Public Citizen filed this action against the U.S. Department of Justice under the Freedom of Information Act, alleging that the DOJ failed to timely respond to two of its FOIA requests. Compl. ¶¶ 5–18, ECF No. 1. Now, the DOJ moves for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Public Citizen failed to exhaust its administrative remedies with respect to its second request. *See* Def.'s Partial Mot. for J. on the Pleadings ("Def.'s Partial Mot. for J.") at 1, ECF No. 11. In response, Public Citizen asks for leave to supplement or to amend its Complaint under Federal Rule of Civil Procedure 15. *See* Pl.'s Mot. to Suppl. Compl. or for Leave to File an Am. Compl. ("Pl.'s Mot. to Suppl. or Amend") at 1, ECF No. 12.

The Court finds supplementation appropriate under the circumstances. Thus, the Court denies the DOJ's Rule 12(c) motion and grants Public Citizen's motion to supplement.

**I.**

Public Citizen filed two FOIA records requests with the DOJ: the first on May 18, 2026, and the second on June 2, 2026. Compl. ¶¶ 9, 13. The DOJ acknowledged both requests and

notified Public Citizen that it would require an additional ten working days to respond due to "unusual circumstances," as it was permitted to do by statute. Compl. ¶¶ 12, 16; *see also* 5 U.S.C. § 552(a)(6)(B) (granting agencies authority to extend the time to respond from 20 to 30 "working days" by giving written notice to the requesting party). With the ten-day extension, the DOJ's deadline to respond to Public Citizen's requests shifted to July 1, 2026 and July 16, 2026. Def.'s Partial Mot. for J. at 4; Pl.'s Mot. to Suppl. or Amend at 2.

The first deadline came and went with no response from the DOJ. Compl. ¶¶ 17–18. Then, Public Citizen filed this action on July 7, 2026—nine days before the second deadline. *Id.*; Def.'s Partial Mot. for J. at 4. Apparently, Public Citizen mistakenly believed that "[m]ore than 30 business days ha[d] passed" since it submitted its second FOIA request. Compl. ¶ 18.

DOJ filed a motion for judgment on the pleadings with respect to Public Citizen's second FOIA request. *See* Def.'s Partial Mot. for J at 1. Public Citizen both opposed the motion, *see* Pl.'s Opp. to Def.'s Partial Mot. for J. at 1, ECF No. 14, and asked this Court for leave to either supplement or to amend its Complaint, *see* Pl.'s Mot. to Suppl. or Amend at 1.

## II.

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion[.]" *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). If an agency fails to respond to an initial FOIA request within the statutory deadline, a plaintiff may be deemed to have "constructively exhausted" his administrative remedies and may sue. *Barouch v. DOJ*, 962 F. Supp. 2d 30, 49 (D.D.C. 2013). But if the plaintiff fails to exhaust before filing suit, his claims are subject to dismissal for failure to state a claim. *See Hall & Assocs. v. EPA*, 77 F. Supp. 3d 40, 44 (D.D.C. 2014).

The parties agree that Public Citizen did not constructively exhaust its administrative remedies with respect to its second FOIA request. Public Citizen concedes that it miscalculated DOJ's deadline to respond and filed its Complaint prematurely. *See* Pl.'s Mot. to Suppl. or Amend at 2–3. DOJ argues that this error requires the Court to dismiss Count II of Public Citizen's Complaint. *See* Def.'s Partial Mot. for J. at 4.

But as far as the Court can tell, DOJ still has not responded to Public Citizen's second FOIA request. *See* Pl.'s Mot. to Suppl. or Amend at 5. If Public Citizen had correctly calculated the DOJ's deadline to respond and filed its Complaint a few days later, it would have constructively exhausted its administrative remedies.

On "just terms," the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The court may permit supplementation even though the original pleading is defective in stating a claim or defense." *Id.* Leave to file a supplemental pleading "should be freely permitted when the supplemental facts connect it to the original pleading," *Brown v. USCIS*, 23-cv-3669, 2024 WL 4253121, at *4 (D.D.C. Sept. 20, 2024) (cleaned up), and doing so would "promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party," *Jud. Watch, Inc. v. DOE*, 191 F. Supp. 2d 138, 139 (D.D.C. 2002) (cleaned up).

The Court finds supplementation appropriate here. True, the D.C. Circuit has cautioned that FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003). But that general rule is not ironclad. And here, the purposes of exhaustion would not be served by dismissing on the merits. DOJ has

had months to respond to Public Citizen's June 2 FOIA request, does not claim that it intends to respond, and was not prevented from doing so while this litigation was pending. In this context, "supplementation [] promotes a speedy disposition of this dispute and does not prejudice either party's rights." *Brown*, 2024 WL 4253121, at *4.

The Court acknowledges DOJ's argument that freely granting motions to supplement in FOIA cases might create perverse incentives. But the risk is minimal here, where Public Citizen clearly only failed to constructively exhaust because of a minor timing miscalculation.

**III.**

In sum, the Court finds that just terms exist to allow Public Citizen to supplement its Complaint under Federal Rule of Civil Procedure 15(d).

For these reasons, it is hereby

**ORDERED** that Defendant's [11] Partial Motion for Judgment on the Pleadings is **DENIED**. It is

**FURTHER ORDERED** that Plaintiff's [12] Motion to Supplement the Complaint Under Rule 15(d) is **GRANTED**. On or before October 28, 2026, Plaintiff shall file a Supplemental Complaint, which shall be treated as if it had been filed on July 17, 2026. It is

**FURTHER ORDERED** that Defendants shall have until December 23, 2026, to respond to the Supplemental Complaint. It is

**FURTHER ORDERED** that Plaintiff's [12] Motion in the Alternative for Leave to File an Amended Complaint Under Rule 15(a)(2) is **DENIED** as moot.

**SO ORDERED**.

2026.10.22
10:29:11 -04'00'

Dated: October 22, 2026

TREVOR N. McFADDEN, U.S.D.J.